UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>  Plaintiff,<br><br>    v.<br><br>CITY OF STOCKTON POLICE DEPT, et al.,<br><br>  Defendants. | No.  2:20-cv-01654-KJM-KJN PS<br><br>ORDER and FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 3.) |

Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his request to proceed in forma pauperis adequately makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

A determination that a plaintiff may proceed in forma pauperis does not end the inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Here, plaintiff's complaint fails to state a claim on which relief may be granted because his claims either are barred by the applicable statute of limitations or are frivolous.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

**BACKGROUND**

Plaintiff alleges that on July 1, 2005, Stockton police officers entered his home without a warrant and caused him bodily harm, ultimately rendering him unconscious. (Id. at 7-11.) Plaintiff was transported to the police department while still unconscious (it is unclear when he regained consciousness). (Id. at 9.) After booking, plaintiff was assaulted by an informant in the waiting cell. (Id.) As a result, plaintiff was sent to the San Joaquin General Hospital, and was returned to jail after being treated. (Id.) Plaintiff was charged with five offenses, posted bail, and was released from custody. (Id. at 9, 12.) Shortly after the July 1, 2005 incident, Stockton police officers surrounded plaintiff's home, but plaintiff was in Texas. (Id. at 7-11.) All of the pending criminal charges surrounding these two incidents, except resisting arrest, were dropped. (Id.)

Plaintiff asserts claims against the City of Stockton Police Department and four Stockton police officers. (ECF No. 1.) He asserts claims under 42 U.S.C Sections 1983, 1984, 1985, and 1986 for "civil rights violations," "deprivation of liberty," and "unlawful entry." (Id. at 7.) He also asserts violations of "Article 189.51," California Penal Code Section 602, and common-law defamation. (Id. at 11.) (Id.)

**DISCUSSION**

Legal Standard

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). This type of dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). In evaluating whether a pleading states sufficient facts on which to base a claim, all well-pled factual allegations are accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non-moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to accept as true "conclusory allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Thus, to avoid dismissal for failure to state a claim, a complaint must contain more

than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).  Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  A pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action, unless it is absolutely clear that no amendment can cure the defect. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (if amendment would be futile, no leave to amend need be given).

Analysis

**I.      Cal. Penal Code Section 602 , 42 U.S.C. Section 1984, and "Article 189.51" claims are frivolous.**

In his complaint, plaintiff attempts to bring a state law criminal charge, California Penal Code § 602, against the defendants.  (ECF No. 1 at 6.)  However, a citizen does not have authority to bring criminal charges. Clinton v. Jones, 520 U.S. 681, 718 (1997) ("Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch.")  The U.S. Criminal Code does not establish any private right of action and therefore cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).  Accordingly, the court recommends the Section 602 claim be dismissed with prejudice.

Plaintiff's complaint also purports to assert claims under 42 U.S.C. § 1984 and Article 189.51.  The court sees no such statutes in existence.  Thus, the court recommends both of these claims be dismissed with prejudice as frivolous. See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (finding appropriate district court's dismissal of "wholly frivolous" claims) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)).

3

**II.      Plaintiff's remaining claims are barred by the statute of limitations.**

The court finds that plaintiff's 42 U.S.C. Sections 1983, 1985, and 1986 claims, as well as his defamation claim, are barred by the applicable statute of limitations, as the claims apply to events that transpired in 2005.

The court begins a statute of limitations analysis by determining when plaintiff's claims accrued.  See Miller v. Najera, 2020 WL 731176, at *6-7 (E.D. Cal. Feb. 13, 2020).  "Under federal law, a claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action."  TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

For plaintiff's claims under federal law, Sections 1983, 1985, and 1986, the statute of limitations began to accrue on July 1, 2005, the same day that plaintiff alleges he was assaulted by the officers.  (ECF No. 1 at 8-9.)  See, e.g., Shaw v. Sacramento Cty. Sheriff's Dep't, 810 F. App'x 553, 554 (9th Cir. 2020) (finding plaintiff's 1983 claim for excessive force time barred because it accrued at the time the force was used, which was more than two years prior to filing of complaint).

As for his defamation claim, plaintiff does not specify when or how the alleged defamation occurred.  However, the defamation claim appears to be related to the July 1, 2005 arrest, as plaintiff's complaint states that the "charges on my record ha[ve] cause[d] me treme[n]dous depress[ion]," and that his "name has been dragged through the mud by this being on my record."  (ECF No. 1 at 10-11.)  The criminal charges were brought against plaintiff on July 1, 2005, and the complaint is absent of any charges related to the second incident, when police officers arrived to plaintiff's home while he was in Texas.  (ECF No. 1 at 12.)  Absent any other allegations in plaintiff's complaint, the elements of the defamation claim were complete on July 1, 2005.  See, e.g., Roberts v. McAfee, Inc., 660 F.3d 1156, 1166 (9th Cir. 2011) (cause of action for defamation under California common law accrued when plaintiff had reason to know of the allegedly offending material: at publication).

Next, the court applies the statute of limitations applicable to each claim to determine whether the statute of limitations lapsed before plaintiff filed the present action.  Miller, 2020 WL 731176, at *7.  Title 42 U.S.C. Sections 1983 and 1985 contain no statute of limitations, so

4

1  federal courts in California typically apply the state's "statute of limitations for personal injury
2  actions, along with the forum state's law regarding tolling." <u>Canatella v. Van De Kamp</u>, 486 F.3d
3  1128, 1132 (9th Cir. 2007); <u>see also</u> <u>McDougal v. County of Imperial</u>, 942 F.2d 668, 673-74 (9th
4  Cir. 1991) (holding that Section 1985 claims should be governed by the same statute of
5  limitations as 1983 claims).  In California, personal injury claims must be brought within two
6  years.  California Code of Civil Procedure § 335.1 (2020).  As such, the statute of limitations for
7  the § 1985 and § 1985 claims expired on July 1, 2007, two years after the first incident plaintiff
8  alleges.  Assuming the second incident that occurred shortly after the July 1, 2005 incident could
9  give rise to any claims under these sections, the statute of limitations would still expire sometime
10 in July 2007.  Plaintiff filed the present action on August 17, 2020, approximately thirteen years
11 after the claims accrued.  (ECF No. 1.)  Thus, plaintiff's Section 1983 and § 1985 claims are
12 time-barred.

13       Unlike 42 U.S.C. Sections 1983 and 1985, the statute of limitations for claims predicated
14 on 42 U.S.C. Section 1986 originates within the statute itself.  Actions under this statute  "must
15 be commenced within one year after the cause of action has accrued."  42 U.S.C. § 1986.  The
16 complaint lacks any factual support indicating a failure on behalf of any named party to prevent a
17 conspiracy to deprive plaintiff of equal protection of the laws.  The incidents alleged occurred in
18 July 2005.  (ECF No. 1 at 7-11.)  The one-year statute of limitations expired sometime in July
19 2006.  Plaintiff filed the present action on August 17, 2020, approximately fourteen years after
20 the claim accrued.  (ECF No. 1.)  Therefore, plaintiff's Section 1986 claim is also time-barred.

21       Lastly, plaintiff includes a defamation claim in his complaint.  (ECF No. 1 at 11.)
22 According to California Code of Civil Procedure § 340(c), an action for libel or slander must be
23 brought within one year from the time the elements of the claim are complete.  <u>Roberts</u>, 660 F.3d
24 at 1166.  Plaintiff's defamation claim accrued in July 2005, so it follows that the claim expired in
25 July 2006.  Plaintiff filed the present action on August 17, 2020, approximately fourteen years
26 after the defamation elements were complete.  (ECF No. 1.)

27       Thus, all of plaintiff's claims are barred by the applicable statute of limitations.
28 ///

**III.     Granting leave to amend would be futile, given the statute of limitations bar.**

A pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action, unless it is absolutely clear that no amendment can cure the defect. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (if amendment would be futile, no leave to amend need be given). Here, it would be futile to grant plaintiff leave to amend because plaintiff cannot plead any additional facts to cure for the statute of limitations issues.

Out of an abundance of caution, the court has analyzed the numerous tolling provisions allowed litigants when faced with a statute of limitations bar. Based on the information provided, the only provision that might theoretically apply is California's tolling provision for when a plaintiff is "imprisoned on a criminal charge, or in execution under of the sentence of a criminal court for a term for less than for life'" at the time the elements of the claim have accrued. California Code of Civil Procedure § 352.1(a); See Miller, 2020 WL 731176, at *8. However, this provision only tolls the limitations period for up to two years. Id. Plaintiff does not plead any facts to show that he was imprisoned on a criminal charge at the time the claim accrued or executing a sentence other than a life sentence. Plaintiff's claims accrued prior to being taken into custody, because he was at home when the police officers allegedly went into his home and caused him bodily harm. (ECF No. 1 at 8-9.) According to the complaint, plaintiff was then taken into custody and charged with criminal offenses, but was later released on bail. (ECF No. 1). Regarding the second incident when the police officers allegedly surrounded plaintiff's home while he was away in Texas, plaintiff claims that this incident occurred shortly after the first incident, presumably sometime in July 2005. Even if the tolling statute did apply to one of the two incidents, the statute of limitations still would have expired by July 2009. Thus, the court sees no application of Section 352.1 that could toll the limitations period for over a decade.

Beyond this the court sees no tolling provision that could apply to plaintiff's case, and so finds granting leave to amend would be futile. Cahill, 80 F.3d at 339.

IT IS HEREBY ORDERED that the plaintiff's motion to proceed in forma pauperis is granted.

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE; and

2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time frame may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 722 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: September 1, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bled.1654